William D. Hyslop
United States Attorney
Eastern District of Washington
Benjamin D. Seal
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY JAY GULLET<br><br>Defendant. | 4:19-CR-06017-SAB<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER (ECF 46) |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney, for the Eastern District of Washington, and Benjamin D. Seal, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following response to Defendant's Motion to Reopen or Reconsider Motion to Suppress, Supplemental Brief in Support of Motion to Suppress (ECF 46).

## ARGUMENT

Defendant argues that the canine sniff in the Motel 6 parking lot was an unconstitutional invasion of private property. While the Fourth Amendment does have a baseline protection against "the Government obtain[ing] information by physically intruding" on persons, houses, papers, or effects, *see United States v. Jones*, 565 U.S. 400, 406 (2012), Defendant cannot assert that his property rights were

violated by police presence at the motel parking lot.  Defendant was not the owner of the motel, and in fact was not even a guest at the motel.  Defendant argues that warnings were posted that unauthorized entrance was not permitted to the motel parking lot, however, the determination of which vehicles were authorized would be made by the property owner or his agent, not by Defendant.

The case relied on by Defendant, *United States v. Jardines*, 569 U.S. 1 (2013), is distinguishable from the facts of this case.  *Jardines* involved the intrusion into the curtilage of a home by a canine officer and his canine.  *See id*.  This case involves a canine sniff in a parking lot open to the public.

Courts have repeatedly held that there is no reasonable expectation of privacy in a parking lot open to the public.  *See United States v. Gooch*, 499 F.3d 596, 602 (6th Cir. 2007) (affirming denial of motion to suppress where police observed weapon inside defendant's car which was parked in a "VIP" parking area of a nightclub, because members of the public walked freely through the VIP area and therefore there was no reasonable expectation of privacy); *United States v. Diaz*, 25 F.3d 392, 396-97 (6th Cir. 1994) (concluding motel guests have no reasonable expectation of privacy in a motel's parking lot); *United States v. Washburn*, 383 F.3d 638, 641-42 (7th Cir. 2004) ("We have always rejected the notion that a hotel occupant enjoys the same expectation of privacy in his car in the parking lot of the hotel as he does in the room itself; the hotel parking lot is readily accessible to the public and not generally thought of as a place normally used as a residence."); *United States v. Roby*, 122 F.3d 1120 (8th Cir. 1997) (holding that a canine sniff in a hotel hallway did not violate the Fourth Amendment); *United States v. Engles*, 481 F.3d 1243, 1245 (10th Cir. 2007) ("[a] dog sniff of the exterior of a vehicle parked in a public place does not require reasonable suspicion because it is not a Fourth Amendment intrusion."); *United States v. Ludwig*, 10 F.3d 1523, 1526-27 (10th Cir. 1993) (concluding a drug sniff of a vehicle parked in a hotel parking lot did not violate the Fourth Amendment).

## CONCLUSION

Based on the foregoing, the United States asks the Court to deny Defendant's Motion to Reconsider.

Dated: October 18, 2019.

        William D. Hyslop
        United States Attorney

        *s/ Benjamin D. Seal*
        Benjamin D. Seal
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul Shelton

        *s/ Benjamin D. Seal*
        Benjamin D. Seal
        Assistant United States Attorney