UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>JEREMY JAY GULLETT,<br><br>               Defendant. | No. 4:19-cr-06017-SAB<br><br>**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS** |

      Before the Court is Defendant's Motion to Reopen or Reconsider Motion to Suppress, ECF No. 46. The Court denied Defendant's Motion to Suppress on October 11, 2019. ECF No. 45. In his motion to reconsider, Defendant argues the Court should reconsider its ruling because Kennewick Police Department (KPD) officers lacked authority to search his vehicle based solely on a valid arrest warrant. ECF No. 46 at 2-3. In addition, Defendant argues that the KPD officers did not have authority to conduct a K9 sniff on his vehicle because it was parked on private property and the officers lacked consent or probable cause to conduct the sniff. *Id.* at 4-5. Having reviewed the motion, the Government's response, and the applicable caselaw, the Court **denies** the Motion to Reopen or Reconsider the Motion to Suppress. However, as Defendant has been appointed new counsel since the filing of the Motion to Reconsider, the Court grants Defendant leave to file a new motion to reconsider.

//

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS \* 1**

**Facts**

The Court has extensively laid out the facts in this case in its previous Order denying the Motion to Suppress, ECF No. 45. For the purposes of this Order, the Court summarizes the most pertinent facts.

Sometime before February 22, 2019, KPD Detectives Keith Schwartz and Elizabeth Grant had learned that Defendant had an active arrest warrant out of Franklin County and had received anonymous tips that Defendant was dealing narcotics out of motels in the Tri-Cities area. Based on the warrant and anonymous tips, Detectives Schwartz and Grant began patrolling motel parking lots. On February 22, the detectives positively identified Defendant sitting in a Saturn Ion in a Motel 6 parking lot. The detectives confirmed Defendant's identity and advised him that he was under arrest based on the Franklin County warrant and detained him without incident. A search incident to arrest produced a large amount of cash in Defendant's coat pocket.

Defendant waived his *Miranda* rights and agreed to speak with law enforcement. Defendant told Detective Schwartz that he was not dealing narcotics, but that there was a new glass pipe in the vehicle that he intended to use as a meth pipe. At 12:29 A.M., Detective Schwartz called for a K9 unit. At approximately 12:47 A.M., Officer Merkl and K9 Bear arrived. Bear performed an exterior sniff of Defendant's vehicle and alerted on the vehicle, indicating the odor of controlled substances was present on the side of the driver's door. Defendant told Detective Grant and Officer Merkl that he thought Bear alerted because he had meth on his hands from a recent use, but that were no narcotics in the car.

Defendant was then transported to the Franklin County Jail and booked on his outstanding warrant. Meanwhile, the Saturn Ion was seized and towed in anticipation of obtaining a search warrant. A search warrant was later obtained, and KPD officers executed a search on the car. The officers found a small grey backpack in the trunk of the Ion, containing multiple controlled substances and

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS * 2**

drug paraphernalia. In addition, officers found two safes that were unlocked using a key on a keyring taken from Defendant. Officers opened one safe and found a firearm inside. The officers terminated the search, as the warrant did not authorize a search for firearms and resumed the search after securing an amended warrant. Officers seized both the firearm and the narcotics.

**Procedural History**

Defendant moved to suppress the evidence seized from the Saturn Ion following his arrest. ECF No. 26. In the Motion to Suppress, Defendant argued that KPD officers lacked reasonable suspicion to stop him based on the anonymous tips reporting that he was dealing narcotics out of motel rooms in the Tri-Cities area. ECF No. 26 at 10. Defendant argued that the stop which led to his arrest was an unconstitutional *Terry* stop, and therefore that any evidence seized as a result of the stop needed to be suppressed. *Id.* Defendant further argued that officers did not have authority to search the Ion after arresting Defendant on the valid Franklin County warrant. Defendant also argued that the evidence seized from the Ion should be suppressed because the stop was unconstitutionally prolonged to allow officers to conduct a K9 sniff. At the close of the hearing on the motion, the Court took the matter under advisement and gave parties an opportunity to file supplemental briefing.

Following the hearing, the Court denied Defendant's motion. ECF No. 45. The Court reasoned that Defendant was stopped for the execution of a valid arrest warrant, not as part of an unconstitutional *Terry* stop. *Id.* at 4. Thus, the Court concluded that the KPD officers need only have reasonably suspected that Defendant was the subject of the arrest warrant. *Id.* at 6. In addition, the Court concluded that the stop was not unconstitutionally prolonged to conduct a K9 sniff. *Id.* at 7. Because Defendant was not stopped pursuant to a traffic stop or a *Terry* stop and was instead stopped and arrested pursuant to a valid arrest warrant, the stop was not unconstitutionally prolonged. *Id.* at 8. However, the Court

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS \* 3**

inadvertently issued its ruling prior to the deadline for supplemental briefing. Defendant therefore restyled his supplemental briefing as the instant motion for reconsideration.

## Motions for Reconsideration

Motions for reconsideration in criminal cases are governed by the same rules that govern civil motions for reconsiderations. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Thus, motions for reconsideration in criminal cases rely on the standards in Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *See Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991) (discussing Rule 59(e)). A court will generally treat a motion filed within 28 days of judgment as filed under Rule 59(e) and a motion filed more than 28 days of judgment as a Rule 60(b) motion. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Reconsideration is a drastic remedy and should be used sparingly "in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Am. Ironwork*s, 248 F.3d at 898-99. Under Rule 59(e), a motion for reconsideration should be granted, "absent highly unusual circumstances," only if the court is: (1) presented with new evidence; (2) committed clear error; or (3) if there is an intervening change in the controlling law. *Kona Enters.*, 229 F.3d at 890. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

//
//

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS * 4**

**Discussion**

Given the Court's premature publication of its Order before receiving parties' supplemental briefing, this is an appropriate circumstance to consider the arguments in Defendant's Motion to Reconsider despite the fact that the motion raises arguments that could have been raised in earlier briefing. *See Kona Enters.*, 229 F.3d at 890. In his Motion, Defendant argues that he has standing to challenge the search because he had a reasonable expectation of privacy in the private Motel 6 parking lot. ECF No. 45 at 7-8. Defendant makes two primary arguments: first, that the KPD officers had no authority to search his vehicle based on the valid Franklin County arrest warrant; and second, that the officers did not have authority to conduct a K9 sniff on the vehicle because it was parked on private property and the officers lacked consent or probable cause. In response, the Government argues that Defendant lacks standing to challenge the search of his vehicle because he lacked a reasonable expectation of privacy in this context. For the reasons discussed below, the Court **denies** Defendant's motion.

1. <u>Whether Defendant has Fourth Amendment Standing</u>

As a preliminary matter, the Court must consider whether Defendant has standing to challenge the search. To determine whether an unconstitutional search has occurred, the Court must determine whether (1) the person challenging the search has an actual, subjective expectation of privacy and (2) whether the person's subjective expectation of privacy is objectively reasonable. *Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1220 (9th Cir. 2019) (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). Whether one's subjective expectation of privacy is reasonable varies depending on the context of the area searched. *O'Connor v. Ortega*, 480 U.S. 709, 719 (1987). Although the Ninth Circuit has not held that there is no reasonable expectation of privacy in a parking lot visible by the public—even if there are signs marking the lot as "private—other circuit courts have. *See United States v. Gooch*, 499 F.3d 596, 602 (6th Cir. 2007) (VIP parking

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS * 5**

spots in a nightclub parking lot); *United States v. Diaz*, 25 F.3d 392, 396-97 (6th Cir. 1994) (motel parking lot); *United States v. Washburn*, 383 F.3d 638, 641-42 (7th Cir. 2004) (hotel parking lot); *United States v. Ludwig*, 10 F.3d 1523, 1526-27 (10th Cir. 1993) (hotel parking lot) (reaffirmed in *United States v. Ruiz*, 664 F.3d 833, 840 (10th Cir. 2012)).

      Defendant argues that he has standing to challenge the search because he had a reasonable expectation of privacy in the Motel 6 parking lot. He asserts that he had an actual, subjective expectation of privacy based on signs at the entrance of the parking lot and the fact that there was no record of regular surveillance of the lot by law enforcement. He further asserts that this subjective expectation is reasonable. However, the lot here was basically open to the public even if was marked by signs labelling the lot as "private." The lot here was not manned by parking attendants, nor were there fences, gates, or keycards that made the lot inaccessible to the public. Anyone could drive through the parking lot. The determination of whether a vehicle was "unauthorized" in the parking lot rests with the owner of the motel, not with Defendant. In addition, Defendant was not a guest of the motel here. Because the lot was accessible to the public and Defendant was not a guest of the motel, Defendant's expectation of privacy is not objectively reasonable. Therefore, Defendant does not have standing to object to the canine sniff based on the fact that it occurred in a private motel parking lot. Because Defendant does not have standing to challenge the search on the basis of it having occurred on private property, the motion is denied.

    2. <u>Whether KPD Officers had Authority to Search the Saturn Ion</u>

      Even assuming that Defendant does have standing to challenge the search on the basis that it occurred in a private parking lot, Defendant's other argument fails and requires the Court to deny the Motion for Reconsideration. Defendant argues that KPD officers lacked authority to conduct a K9 sniff on the exterior of his vehicle or later search the interior of his vehicle on the basis of the valid arrest

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS \* 6**

warrant. Defendant argues that the officers here lacked authority to search his vehicle on the basis of the valid arrest warrant, citing *Arizona v. Gant*, 556 U.S. 332 (2009), as support. Defendant argues that the canine sniff of this vehicle amounted to a search under the Fourth Amendment and, therefore, that the sniff was an unlawful search incident to arrest. However, for the reasons discussed below, this argument fails.

      a. *Canine Sniffs and the Fourth Amendment*

The Supreme Court of the United States has repeatedly recognized that canine sniffs by trained narcotic-detection dogs are "*sui generis*" because "it discloses only the presence or absence of narcotics, a contraband item," and therefore does not generally implicate the Fourth Amendment. *United States v. Place*, 462 U.S. 696, 707 (1983); *see also Indianapolis v. Edmond*, 531 U.S. 32, 40 (2000) (exterior sniff of a vehicle permissible because it did not require entry into the interior of the car), *United States v. Lingenfelter*, 997 F.2d 632, 638 (9th Cir. 1993) (no legitimate expectation of privacy in the odor of illegal narcotics).

Because the requirements of the Fourth Amendment do not generally apply to canine sniffs, reasonable suspicion is not required to justify a canine sniff. This is the rule so long as the sniff itself does not infringe on a person's constitutionally protected interest in privacy. *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). In *Caballes*, the Supreme Court concluded that a canine sniff performed on the exterior of a person's car while he was lawfully seized for a traffic violation was not a Fourth Amendment violation. 543 U.S. at 409. The *Caballes* Court clarified that a person's legitimate expectation of privacy in "perfectly lawful activity" is "categorically distinguishable" from a defendant's expectation of privacy concerning the "nondetection of contraband in the truck of [a] car." *Id.* at 410; *see also United States v. Thomas,* 726 F.3d 1086, 1093-94 (9th Cir. 2013) (finding that a canine sniff on the exterior of a vehicle did not rise to the level of a constitutionally cognizable infringement).

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS * 7**

In certain contexts, however, the Supreme Court has held that a canine sniff does amount to a Fourth Amendment search that must be supported by probable cause. In *Florida v. Jardines*, the Supreme Court concluded that a law enforcement officer's use of a drug-detection dog on the front porch of a home following an unverified tip was a Fourth Amendment search that needed to be supported by probable cause to be constitutional. 569 U.S. 1, 11 (2013). The *Jardines* Court specifically held that because the porch constituted curtilage of the home, a heighted expectation of privacy applied under the traditional property-based understanding of the Fourth Amendment. *Id.* However, this holding is specific to the context of curtilage and the home, and it has not been extended to apply to all canine sniffs conducted on private property.

      b. *Search Incident to Arrest Exception to the Warrant Requirement*

The search incident to arrest doctrine is an exception to the general rule that warrantless searches are *per se* unreasonable. U.S. Const. Am. IV. Under the search incident to arrest doctrine, an officer may search an arrestee's person or anything within the arrestee's immediate control to preserve interests of officer safety and evidence preservation. *Chimel v. California*, 395 U.S. 752 (1969); *New York v. Belton*, 453 U.S. 454 (1981) (extending the search incident to arrest doctrine to searches of vehicles).

However, the scope of the exception has been limited in recent years. In *Gant*, the Supreme Court held that police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the vehicle's passenger compartment at the time of the search or it is reasonably believed that the vehicle contains evidence of the offense of arrest. 556 U.S. at 351. When these justifications are absent, a search of an arrestee's vehicle is unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies. In *Gant*, the defendant had been handcuffed and locked in the back of a police cruiser while officers searched his vehicle; during this search, officers

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS * 8**

discovered cocaine. The Court reasoned that, if an arrestee is secured away from the passenger compartment of a vehicle such that they cannot access evidence within the vehicle, the justifications for the search incident to arrest exception are absent and the exception does not apply. *Id.* at 343-44.

        c. *The Canine Sniff Here was Not a Fourth Amendment Search, and Therefore* Arizona v. Gant *Does Not Apply*

Defendant's argument fails because—despite his assertions to the contrary—the canine sniff here did not amount to a search. See ECF No. 38 at 9 ("the search of the vehicle was unlawful", referring to the K9 sniff), 11-12 ("The warrant was only obtained as a direct result of the initial unlawful search of the car," referring to the K9 sniff). Because the sniff did not amount to a search, the search incident to arrest doctrine and *Arizona v. Gant* are not implicated.

In order to reach this conclusion, the Court must first determine whether the canine sniff at issue here was actually a "search" for purposes of the Fourth Amendment. Defendant argues that the sniff is in truth a "search" because it occurred on the Motel 6 parking lot—an area Defendant describes as "private protected property." ECF No. 46 at 6. Defendant's reliance on *Jardines* to make this assertion is misguided. As discussed above, the Court's holding in *Jardines* hinged on the traditional property-based interpretation of the Fourth Amendment that prioritized the privacy of the home; the Court did not reach its conclusion merely because the sniff occurred on private property. *Jardines*, 561 U.S. at 6 ("The Fourth Amendment does not, therefore, prevent all investigations conducted on private property…. But when it comes to the Fourth Amendment, the home is first among equals."). The special private protections for homes and their curtilage do not necessarily extend to other types of private property, nor does Defendant provide persuasive arguments to extend these protections to this context. Because the sniff did not occur on constitutionally protected property, the sniff is not

transformed into a Fourth Amendment search. Accordingly, the Court denies Defendant's motion for reconsideration.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reopen or Reconsider Motion to Suppress, ECF No. 46, is **DENIED**.

2. As Defendant has been appointed new counsel since the filing of the Motion, Defendant may file a renewed Motion for Reconsideration. Any such motion shall be filed no later than **March 25, 2020** and noted for hearing at the pretrial conference scheduled for April 29, 2020.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 6th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO REOPEN OR RECONSIDER MOTION TO SUPPRESS * 10**