William D. Hyslop
United States Attorney
Eastern District of Washington
Benjamin D. Seal
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 0 4 2020

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

JEREMY JAY GULLETT,

           Defendant.

NO: 4:19-CR-6017-SAB

PLEA AGREEMENT

    The United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Benjamin D. Seal, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JEREMY JAY GULLETT, and Defendant's counsel, TROY J. LEE, agree to the following Plea Agreement:

    **1.**    **Guilty Plea:**

    Defendant, JEREMY JAY GULLETT, agrees to plead guilty to Count One of the Indictment in this case, charging Defendant with Possession with Intent to

PLEA AGREEMENT
PAGE - 1

Distribute Fifty Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii).

2.  **Maximum Statutory Penalties:**

Defendant, JEREMY JAY GULLETT, understands that this is a Class A felony charge, which carries a maximum penalty of: a minimum of 10 years and maximum of life imprisonment; a fine not to exceed $10,000,000; at least 5 years of supervised release; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

3.  **Denial of Federal Benefits:**

The Defendant understands that by entering a plea of guilty to Count One of the Indictment in this case, the Defendant may no longer be eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act pursuant to 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license

provided by an agency of the United States or by appropriated funds of the United States pursuant to 21 U.S.C. § 862.

**4.     The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court may obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

5. **Waiver of Constitutional Rights:**

Defendant, JEREMY JAY GULLETT, understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a).    The right to a jury trial;

    (b).    The right to see, hear and question the witnesses;

    (c).    The right to remain silent at trial;

    (d).    The right to testify at trial; and

    (e).    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that he/she retains the right to be assisted through the sentencing, and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

6. **Effect on Immigration Status:**

Defendant, JEREMY JAY GULLETT, recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his/her

PLEA AGREEMENT
PAGE - 4

attorney or the District Court, can predict to a certainty the effect of his/her conviction on his/her immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that his/her plea may entail, even if the consequence is his/her automatic removal from the United States.

7. **Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Possession with Intent to Distribute Fifty Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii), the United States would have to prove beyond a reasonable doubt the following elements:

(a). First, the Defendant knowingly possessed methamphetamine;

(b). Second, the Defendant possessed it with intent to distribute it to another person; and

(c). Third, the amount of methamphetamine was 50 grams or more of actual methamphetamine.

8. **Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for JEREMY

JAY GULLETT's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On February 22, 2019, the Kennewick Police Department CAT team was on routine patrol when they observed a vehicle parked in the Motel 6 parking lot in Kennewick, Washington. They immediately recognized the occupant of the driver's seat to be Jeremy GULLETT. The CAT team knew he had an active felony warrant for his arrest. The CAT team made contact with GULLETT and placed him under arrest. A narcotics canine alerted to the vehicle and a search warrant obtained. Inside the vehicle, law enforcement located a backpack, which contained approximately 299 grams of actual methamphetamine. Defendant knew that this methamphetamine was in the vehicle. Defendant possessed this methamphetamine with the intent to distribute it to another person.

9. **The United States Agrees:**

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after

PLEA AGREEMENT
PAGE - 6

sentencing. The United States also agrees to dismiss the remaining counts of the Indictment against Defendant, if any.

**10.    United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the Court will consult the United States Sentencing Guidelines (hereinafter "U.S.S.G.") and take them into account when sentencing. Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

(a.)    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty as soon thereafter as it may be placed on the court's docket, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility, and if Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness. See U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level

downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

  (b.) Criminal History:

The United States and Defendant make no agreement regarding Defendant's criminal history.

  (c.) Other Guideline Calculations:

The United States and Defendant agree that the base offense level is 32.

A two level enhancement applies for possession of a firearm.

After acceptance, the total offense level is 31.

**11. Incarceration:**

The United States agrees to recommend a sentence at the low end of the guideline range. Defendant may argue for any legal sentence.

**12. Fines:**

The United States and Defendant reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

**13. Supervised Release:**

The United States and Defendant agree to recommend that the Court impose a 5 year term of supervised release.

**14.    Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**15.    Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**16.    Appeal Rights:**

The Defendant understands that he/she has a limited right to appeal or challenge the conviction and sentence imposed by the Court.  The Defendant hereby expressly waives his/her right to appeal his/her conviction and the sentence the Court imposes, including any restitution order.  The Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

PLEA AGREEMENT
PAGE - 9

Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the Plea Agreement.

**17.   Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

WILLIAM D. HYSLOP
United States Attorney

_____     11·4·20
BENJAMIN D. SEAL                     Date
Assistant United States Attorney

PLEA AGREEMENT
PAGE - 11

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    11/4/20
JEREMY JAY GULLETT                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____    11/3/20
TROY J. LEE                       Date
Attorney for Defendant

PLEA AGREEMENT
PAGE - 12

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language with which Defendant is conversant. If questions have arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

_____  _____
Interpreter                                              Date