FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY JAY GULLETT,<br><br>    Defendant. | No. 4:19-CR-06017-SAB-1<br><br>**ORDER DENYING MOTION**<br><br>**FOR SENTENCE REDUCTION** |

    Before the Court are Defendant's Motions for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release), ECF Nos. 84 and 93. Defendant is a federal inmate at FCI-Allenwood and is represented by Robin Emmans. The United States is represented by Benjamin Seal and Ian Garriques. The motions were considered without oral argument.

    On November 4, 2020, Defendant plead guilty to Possession with Intent to Distribute 50 grams or more of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On July 21, 2021, he was sentenced to 72 months imprisonment, with credit for time served, and 5 years supervised release. Defendant's projected release date is August 27, 2025. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited August 6, 2024).

    Defendant asks the Court to reduce his sentence of incarceration to time-served, or any amount the Court deems appropriate. Defendant states his mother requires medical assistance and help caring for his 12-year-old niece, who does not

**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION # 1**

have any other family available to assist in her care. He also has served 80 percent of his sentence and has taken all available RDAP programing at his facility in Pennsylvania.

After reviewing the Section 3553(a) factors, caselaw, Defendant's Motions, and the United States' brief, the Court **denies** the motions for compassionate release.

## MOTION STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115–391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.[1]

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in Section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). The purpose of compassionate release is

---

[1] Defendant submitted a request to the Warden of FCI-Allenwood in April 2024. The Warden denied his request on May 24, 2024.

**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION # 2**

to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such at the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th 1092, 1098–99 (9th Cir. 2022).

Further, the Ninth Circuit has instructed that in deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), district courts must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) the sentencing factors set forth in 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 46 F.4th 938, 947 (9th Cir. 2022). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[2] In November 2023, the United States Sentencing Commission updated Section 3582 to further define what qualifies as "extraordinary and compelling reasons" for compassionate release. U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). It identified six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant experienced abuse in custody; (5) alternate but similar reasons to 1–4;

---

[2] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)).

**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION # 3**

and (6) an unusually long sentence. However, the amendment is still informative and not binding for the district court. *Aruda*, 993 F.3d at 802.

## ANALYSIS

First, Defendant has exhausted his administrative remedies by seeking release from the prison warden. The warden denied his request on May 24, 2024.

Second, to decide Defendant's compassionate release request, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

Defendant knowingly possessed methamphetamine with the intent to sell the drug. He was arrested in a motel parking lot and admitted to officers there were drugs in his trunk. He was aware of the crime and that he had possessed enough to distribute more than 50 grams of actual methamphetamine. He was drawn back into drug dealing after another prison sentence because he did not know of an alternative life.

Based on Defendant's acceptance of responsibility reduction, the USSG calculations resulted in a Total Offense Level of 31 and Criminal History Level V, with the resulting range of 168 – 210 months. The amount of drugs also triggered the 120-month mandatory minimum sentence.

**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION # 4**

Pursuant to the parties' plea agreement, the United States agreed to recommend a sentence at the low end of the guideline range, allowing Defendant to argue for any legal sentence. The Court accepted the plea agreement and sentenced Defendant below the mandatory minimum to 72 months imprisonment, with credit for time served, and 5 years supervised release.

A review of Defendant's criminal history shows convictions for major crimes, including assault, robbery, unlawful firearm possession, and escape from detention. His longest prison term was 104 months. His Criminal History Category of V and return to drug dealing after his last prison sentence leads to concern for recidivism.

In reviewing the Section 3553(a) factors, Defendant's Motions, and the United States' brief, the Court finds Defendant is not entitled to a sentence reduction. The 72-month sentence Defendant received is sufficient but not greater than necessary to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence to criminal conduct.

Though not required, the Court also considered whether Defendant's motion presented "extraordinary and compelling" circumstances under the new U.S.S.G. amendment. Defendant identifies his mother's deteriorating health, the need to find a stable caregiver for his niece, and the fact he has completed 80 percent of his term as his reasons for seeking relief. The Court finds the conditions and circumstances listed in Defendant's motion do not rise to the level of "extraordinary and compelling."

//
//
//
//
//
//

**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION # 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motions for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release), ECF Nos. 84 and 93, are **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 13th day of August 2024.



                Stanley A. Bastian
          Chief United States District Judge

**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION # 6**